UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK BOSWELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-01833-AGF |
| | ) | |
| PANERA BREAD COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Defendant Panera, LLC and its parent company, Panera Bread Company, to obtain a more definite statement of one count of the lawsuit filed by Plaintiffs, and to dismiss another count for failure to state a claim upon which relief can be granted. Plaintiffs Mark Boswell and David Lutton, both former Joint Venture General Managers ("JVGMs") for Panera in North Carolina, filed this action on behalf of themselves and a putative class of other Panera JVGMs. Plaintiffs base their complaint on Defendants' alleged misrepresentations about, and inadequate payment of, "one-time JV GM Buyout" payments contemplated in Plaintiffs' employment contracts. (Doc. No. 1 at 1.) Defendants argue that the second count of the complaint,[1] a class count alleging fraud in the inducement, was not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b), and request the Court

---

[1] Plaintiffs' complaint includes five counts: (1) a class claim for breach of contract; (2) a class claim for fraud; (3) a class claim for conversion; (4) named Plaintiffs' individual claim for fraud; and (5) named Plaintiffs' individual claim for unjust enrichment. Defendants' motion for a more definite statement only addresses the second count, and their motion to dismiss only addresses the third count.

1

order Plaintiffs to file a more definite statement. Further, Defendants argue that the third count of the complaint, a class count alleging conversion, is not allowed under controlling Missouri law and should be dismissed under Rule 12(b)(6).[2] For the reasons set forth below, the Court will deny Defendants' motion for a more definite statement and grant their motion to dismiss.

## BACKGROUND

Plaintiffs' action, filed on October 29, 2014, arises out of Defendants' alleged failure to pay Plaintiffs the full sum owed to them under their employment contracts and under Panera's standardized "Joint Venture General Manager Compensation Plan" (the "Plan"). *Id.* Plaintiffs and putative class members were all JVGMs of Panera. As alleged in the complaint, Plaintiffs and Defendants entered into a five-year compensation agreement whereby Plaintiffs would manage the daily operations of company-owned cafes and receive a small annual salary. At the end of the five years, Plaintiffs would receive a one-time payment from Defendants, the amount of which was to be determined in accordance with specific provisions set forth in the Plan, and which turned on the profitability of the managed cafes. Plaintiffs allege that without their consent, Defendants modified the Plan to include a cap on the maximum amount that JVGMs could receive in the one-time payment, withholding money Plaintiffs would have been entitled to under the original Plan as it existed at the time of signing. Plaintiffs claim that these actions constitute material breaches of contract, fraud, and conversion of Plaintiffs'

---

[2] Plaintiffs contend and Defendants do not deny that Missouri law governs their claims. *See* Doc. No. 1 at 4; Doc. No. 9 at 7.

property under Missouri law.³ The complaint asserts both individual and class claims on these theories, and prays for damages and injunctive relief.

On December 12, 2014, Defendants filed their answer to Plaintiffs' complaint. (Doc. No. 9.) Later that day, Defendants filed two motions. First, Defendants filed a motion for a more definite statement regarding the second count of the complaint, a putative class claim for fraud, under Federal Rule of Civil Procedure 12(e). (Doc. No. 10.) Defendants argue that the complaint fails to sufficiently identify the "who, what, where, when, and how" of the alleged fraud, leaving the claim so ambiguous that Defendants cannot reasonably respond. *Id.* at 2. Specifically, Defendants contend that Plaintiffs have failed to identify any alleged misrepresentation made at the time of contracting. Plaintiffs respond that the allegations are sufficiently particular, and to the extent that the "who, what, where, when, and how" are not directly stated in the complaint, they are demonstrated by Plaintiffs' employment agreements and executed Plans, which are exhibits to the complaint. (Doc. No. 1, Ex. 1-2.) Further, Plaintiffs contend that the complaint specifically alleges a misrepresentation at the time of contracting in that it alleges Defendants never intended to honor the Plan.

---

³ The named Plaintiffs assert that the Court has jurisdiction to hear their individual state law claims under 28 U.S.C. § 1332(a) because diversity of citizenship exists between the named Plaintiffs and the Defendants, and the amount in controversy as to each named Plaintiff exceeds $75,000, exclusive of interest and costs. Plaintiffs further assert that the Court has jurisdiction over the putative class' state law claims under 28 U.S.C. § 1332(d) because minimum diversity exists between Defendants and putative class members, who number over one hundred individuals, and the aggregate amount in controversy exceeds $5 million exclusive of interest and costs. Defendants do not specifically deny these allegations.

Defendants also filed a motion to dismiss the third count of the complaint, a putative class claim for conversion, under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) In support of this motion, Defendants cite case law which states that in Missouri, conversion is not an appropriate action to bring to recover money. Rather, a claim of conversion is used to recover tangible property. Plaintiffs respond that these facts fall under an exception to the doctrine cited by Defendants. (Doc. No. 18.) Plaintiffs contend that the monies in question are identifiable sums wrongly appropriated by Defendants, which entitles them to treatment as "specific chattel" and which may be the subject of a claim for wrongful conversion under Missouri law. *Id.* at 5. Defendants argue that the "specific chattel" exception only applies to funds placed into the custody of another for a specific purpose, and that these conditions are not met in this case. (Doc. No. 20.)

## DISCUSSION

### Rule 12(e) Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion for a more definite statement "must be made before filing a responsive pleading[.]" *Id.* "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). "[T]he only question is

whether it is possible to frame a response to the pleading." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013).

Although neither party has raised this issue, the Court notes that Defendants filed an answer to the complaint, including the second count, prior to filing their motion for a more definite statement, in violation of the terms of Rule 12(e). Moreover, the fact that Defendants filed an answer undermines their argument that Plaintiffs' pleadings are so "unintelligible" that Defendants cannot prepare a reasonable response. Because Defendants failed to comply with the timing requirements of Rule 12(e), and because they successfully formed a responsive pleading to the complaint as written, the Court will deny Defendants' motion for a more definite statement. *See Ransom*, 918 F. Supp. 2d at 901 (denying a motion for a more definite statement filed by defendants after they filed an answer for violating the requirement in Rule 12(e) that such motion be made before filing a responsive pleading); *Usery v. City of Okmulgee*, 74 F.R.D. 58, 59 (E.D. Okla. 1977) (same); *Wycoff v. Nichols*, 32 F.R.D. 369, 370 (W.D. Mo. 1962) (same).

**Rule 12(b)(6) Motion to Dismiss**

As with their motion for a more definite statement, Defendants filed their answer before filing their motion to dismiss. A Rule 12(b)(6) motion cannot be filed after an answer has been submitted. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed"). However, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be advanced in a motion for a judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2); *see also Westcott v. City of Omaha*, 901 F.2d 1486,

1488 (8th Cir. 1990) (citing *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187 (8th Cir.1988)). Given the preference to decide legal issues on the merits, and because motions to dismiss for failure to state a claim are "subject to the same legal standard whether brought under Rule 12(b)(6) or Rule 12(c)," the Court will not refuse to consider Defendants' motion merely because it was "styled as a Rule 12(b)(6) motion." *Radcliffe v. Securian Financial Group, Inc.*, 906 F. Supp. 2d 874, 883-4 (D. Minn. 2012) (citations omitted); *accord Woods v. St. Louis Justice Ctr.*, No. 4:06-CV-233 CAS, 2006 WL 2990240 at *1 (E.D. Mo. Oct. 18, 2006).

To survive a motion to dismiss for failure to state a claim, a plaintiff's claims must contain sufficient factual matter which, accepted as true, states a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. This standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. "When evaluating a motion to dismiss under Rule 12(b)(6) or 12(c), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff." *Radcliffe*, 906 F. Supp. 2d at 884 (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986)). However, the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Lukien Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Under Missouri law, "conversion may be proved in one of three ways: (1) by showing a tortious taking, (2) a use or appropriation by the defendant indicating a claim or right in opposition the owner, or (3) a refusal to give up possession on demand." *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 592 (Mo. Ct. App. 2008) (quoting *Bell v. Lafont Auto Sales*, 85 S.W.3d 50, 54 (Mo. Ct. App. 2002)); *accord Emerick v. Mutual Benefit Life Ins. Co.*, 756 S.W.2d 513, 525 (Mo. banc 1988). Conversion is not the appropriate action when the claim is solely for the recovery of money. *See Capital Indem. Corp. v. Citizens Nat'l Bank of Ft. Scott, N.A.*, 8 S.W.3d 893, 900 (Mo. Ct. App. 2000) (citing *Dillard v. Payne*, 615 S.W.2d 53, 55 (Mo. banc 1981)). "Specific checks, drafts or notes will support a cause of action for conversion where they can be described or identified as a specific chattel." *Dayton Constr., Inc. v. Meinhardt*, 882 S.W.2d 206, 208-09 (Mo. Ct. App. 1994). The Missouri Supreme Court has recognized a narrow exception in cases where a plaintiff placed funds "in the custody of another for a specific purpose," and the defendant diverts those funds "for other than such specified purpose[.]" *Dillard*, 615 S.W.2d at 55 (Mo. 1981).

In this case, the money allegedly owed to Plaintiffs under the Plan cannot be identified as a specific chattel, and the money has never been in Plaintiffs' control and given in trust to Defendants for a specific purpose. *Cf. Scott v. Scott*, 157 S.W.3d 332, 336-37 (Mo. Ct. App. 2005) (finding that stocks constitute specific chattels which are properly included in an action for conversion, but that proceeds from the sale of stock do not); *In re Estate of Boatright*, 88 S.W.3d 500, 507-08 (Mo. Ct. App. 2002) (holding that proceeds from the sale of a specific piece of real estate wrongfully removed from a joint

7

bank account constituted specific chattel subject to an action for conversion); *Brandhorst v. Carondelet Sav. and Loan Ass'n.*, 625 S.W.2d 696, 698-99 (Mo. Ct. App. 1981) (holding that the plaintiff's money given to a bank teller for the payment of the plaintiff's debt was the proper subject of a conversion action because the bank had misappropriated funds entrusted to it for a specific purpose).

While there may be, in certain situations, a claim for conversion if the money in question is a specific amount entrusted for a particular purpose, "there is no claim for conversion where the defendant allegedly retained funds" or reallocated them to itself. *Citimortgage, Inc. v. K. Hovnanian American Mortg., L.L.C.*, No. 4:12CV01852–SNLJ, 2013 WL 5355471, at *2 (E.D. Mo. 2013). Plaintiffs cannot, as they attempt to do here, "recast what amounts to a claim for damages into a claim for conversion." *Id.*; *see also Express Scripts, Inc. v. Walgreen Co.*, No. 4:08cv1915 TCM, 2009 WL 4574198, at *5-6 (E.D. Mo. 2009) (distinguishing the identifiable chattel and *Dillard* specific purpose exceptions, from seeking "reimbursement on a debt or breach of [an agreement]"). Plaintiffs have thus not stated a claim for conversion which is cognizable under Missouri law, and the Court will grant Defendants' motion to dismiss Count III of the complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for a more definite statement related to Count II of the complaint is **DENIED**. (Doc. No. 10.)

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Count III for failure to state a claim is **GRANTED**. (Doc. No. 11.) Count III is **DISMISSED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2015.