# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## ST. LOUIS DIVISION

| | |
|---|---|
| MARK BOSWELL, DAVID LUTTON, AND VICKIE SNYDER, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PANERA BREAD COMPANY and PANERA, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:14-CV-01833-AGF<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MATERIALS AND SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS CERTIFICATION

On September 18, 2015, this Court issued a specific order allowing Plaintiffs to submit "excerpts of the deposition of the testimony of Defendants' corporate representative that took place after [class certification] briefing closed." Doc. 96. This order was issued shortly after a hearing in which the Court likewise gave specific direction to the parties that further briefing on the Plaintiffs' Motion for Class Certification was not welcome. Despite the Court's specific direction and equally specific order, Plaintiffs have nevertheless filed a "Supplemental Brief" as well as the *entirety* of the most recent deposition of Defendants' corporate representative. Plaintiffs' "Supplemental Materials and Supplemental Brief" is, therefore, improper, and Defendants request that it be stricken and/or disregarded.[1]

---

[1] Fed. R. Civ. P. 12(f) allows the Court, on its own or following a motion, to strike portions of a pleading.  And as the Eighth Circuit has observed, "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).  While Defendants note that Plaintiff's "Supplemental Brief" is technically not a pleading under Rule 7(a), Defendants submit that the Court's inherent discretion would similarly allow it to strike Plaintiffs' "Supplemental Brief." Defendants do not wish to burden the Court with a motion on this issue, but instead simply suggest the Court should exercise its inherent discretion to strike Plaintiffs' Supplemental Brief, or at minimum, disregard it.

Even if the Court had not given the parties such specific instruction, Plaintiffs' "Supplemental Brief" would still be improper as it does not "supplement" the parties' certification briefing, nor does it follow a motion requesting leave to supplement prior pleadings. *See* Fed. R. Civ. P. 15(a)(2) (requiring written consent or leave). Rather, it merely retreads the same ground that was already covered in Plaintiffs' prior class certification briefing. Tellingly, Plaintiffs even support their "Supplemental Brief" with excerpts from a *May 29, 2015* deposition of Defendants' corporate representative – testimony that was available to Plaintiffs at the time they filed their Reply brief in support of their Motion for Class Certification. *See* Doc. 97 a 7-8. The inclusion of such earlier testimony is plainly outside the scope of what the Court directed verbally and in writing, and is nothing more than Plaintiffs' improperly attempting to skirt the rules to take yet another "bite at the apple."

These issues are further compounded by the fact that, rather than complying with the Court's directive to provide relevant "excerpts" of the testimony by Panera's corporate representative on September 15, 2015, Plaintiffs also support their "Supplemental Brief" with the entirety of the deposition transcript, including testimony that is outside of the scope of the Court's Order allowing the third corporate representative deposition (*see* Doc. 95). For example, Plaintiffs highlight testimony related to JVGM compensation target ranges, which relates neither to (1) the JVGM Board of Directors' knowledge of and decision to implement a buyout cap or (2) any agreements between Defendants and any putative class members regarding such caps, and any consideration given therefor. *See id.* and Doc. 97 at 4-5. Such highlighted testimony is plainly outside the scope of the Court's designated topics and should therefore be disregarded.

For all these reasons, Defendants respectfully request that Plaintiffs' "Supplemental Materials and Supplemental Brief," be stricken and/or disregarded by the Court. If the Court should choose to consider Plaintiffs' Supplemental Brief, Defendants respectfully request that

they be allowed to submit a supplemental Response in Opposition to Plaintiffs' unwarranted brief.

        Respectfully submitted,

        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

        /s/ *Patrick F. Hulla*
        Patrick F. Hulla, MO 41745
        Justin M. Dean, MO 48647
        Jennifer K. Oldvader  MO 60649
        4520 Main Street, Suite 400
        Kansas City, MO 64111
        Telephone: 816.471.1301
        Facsimile: 816.471.1303
        patrick.hulla@ogletreedeakins.com
        justin.dean@ogletreedeakins.com
        jennifer.oldvader@ogletreedeakins.com

        **ATTORNEYS FOR DEFENDANTS PANERA BREAD COMPANY AND PANERA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2015, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such to the following:

Dennis E. Egan
Bert S. Braud
712 Broadway, Suite 100
Kansas City, MO 64105
degan@pophamlaw.com
bbraud@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**

        /s/ *Patrick F. Hulla*
        **ATTORNEY FOR DEFENDANTS**

22551467.1