THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| MARK BOSWELL, DAVID LUTTON, AND VICKIE SNYDER, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PANERA BREAD COMPANY and PANERA, LLC, <br><br> Defendant. | Case No. 4:14-CV-01833-AGF |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY

On September 8, 2015—*i.e.,* twenty-two days before discovery closed in this matter—Plaintiffs sent Panera a proposed ESI search protocol demanding that Panera collect, process, search, review, and produce e-mails spanning a nearly ten year period from the accounts of five custodians, including Panera's CEO and other current and former senior executives (with a sixth senior executive custodian added on September 30th—*i.e.*, the day discovery closed). Despite the proximity of Plaintiffs' ESI demand to the close of discovery, Panera agreed to work with the Plaintiffs to collect, search, review and produce responsive, non-privileged e-mails. Although Panera agreed to work cooperatively with Plaintiffs and has continued work on the matter even after the close of discovery, Plaintiffs have now filed a needless, and procedurally improper, motion to compel.

Plaintiffs' motion is procedurally improper because they have failed to comply with the Court's local rule requiring counsel to first seek resolution of discovery issues *via* phone call or in-person meeting before filing a motion to compel. It is also unnecessary because Panera has never stated it would not produce the e-mails at issue. Given the late timing of Plaintiffs' request, as well as the work involved in collecting, searching, and reviewing e-mails, it has simply taken

1

Panera beyond the close of discovery to produce the requested information. However, Panera has begun to produce responsive, non-privileged e-mails retrieved pursuant to Plaintiffs' ESI protocol, a process which Panera expects to complete by October 23, 2015. Plaintiffs' motion should therefore be denied.

I. **Plaintiffs' Motion Should Not Even Be Considered Because They Have Failed to Comply with Local Rule 37-3.04.**

Plaintiffs' motion should not be considered by the Court because it is procedurally improper. Specifically, Plaintiffs have failed to comply with Local Rule 37-3.04, which provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred *in person or by telephone* with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

(Emphasis Added). Here, Plaintiffs' counsel have not discussed the ESI production at issue in the Motion to Compel with Panera's counsel—either in person or by telephone. Furthermore, as demonstrated by the exhibits attached to their Motion to Compel, they have not even attempted to schedule a telephone call or in-person meeting. For this reason alone, Plaintiffs' Motion to Compel should be denied.

II. **Despite the Tardiness of their ESI Request, Panera Has Diligently Collected, Processed, Searched, Reviewed, and Produced E-mail Documents Retrieved Pursuant to Plaintiffs' Own ESI Protocol.**

This case was filed nearly one year ago. Despite (1) multiple rounds of prior written discovery requested by Plaintiffs, including (a) 30 discrete interrogatories, (b) 46 requests for production resulting in the production of approximately 1,000 pages of records,[1] and (c) 52 requests for admissions, and (2) Panera's production of a witness for three separate Rule 30(b)(6)

---

[1] With regard to the ESI protocol Plaintiffs provided on September 8th, Panera has been able to collect, process, search and review e-mails for Ron Shaich, Hank Simpson, Pat Tures, and Bill Moreton, and has produced non-privileged, responsive e-mails for those custodians.

2

depositions, Plaintiffs did not raise any concerns, or propose an ESI protocol *until September 8, 2015*, which was only three weeks before discovery closed at the end of the month. Then, on the day discovery was set to close—*i.e.*, September 30th, Plaintiffs broadened their ESI request by adding another custodian.

Although Plaintiffs inexplicably delayed proposing an ESI protocol, Plaintiffs now complain the process is taking too long. Rather than objecting that Plaintiffs' ESI proposal came too near the discovery cut-off, Panera (1) agreed to cooperatively work with Plaintiffs regarding e-mail production and (2) is working diligently to collect, process, search, review, and produce non-privileged, responsive e-mails from current and former senior executives (including its CEO) under the ESI protocol proposed by Plaintiffs, many of which request e-mails for a nearly *ten-year period*.[2] Indeed, in the past thirty-eight days, Panera has researched its live email environment as well as its email archives for any additional email stores of the six custodians identified by Plaintiffs (as several of them are former executives). These email archives are not accessible via Panera's network; rather, they are kept on USB hard drives with a multi-page printed list indicating what each hard drive contains that must be manually searched. Once the appropriate email archives were located, they had to be reconnected to Panera's network and copied over before they could be culled for responsive data. Additionally, Panera searched any

---

[2] Plaintiffs proposed the following searches be performed for each of the six custodians:

| Search | Date Range |
|---|---|
| "compensation plan*" AND ("JV GM" or JVGM) | January 1, 2006 –January 1, 2012 |
| "compensation plan*" AND (modif* OR waive*) | January 1, 2006 – present |
| Cap* AND (modif* OR Waive*) | January 1, 2010 to present |
| "compensation plan*" AND ("3(b)" OR 3b) | January 1, 2006 to present |
| "compensation plan*" AND ("5(d)" OR 5d) | January 1, 2006 to present |

3

available home share locations (*i.e.*, personal network storage locations) for the six custodians as well as researched available workstations assigned to the custodians.

Next Panera had to build and test Plaintiffs' proposed searched terms, constructing separate criteria to address the various targets (*i.e.*, home share locations, email archives, workstations, and a live email environment). Unfortunately, due to space constraints on Panera's server, the collection process initially resulted in processing and output errors. Panera, therefore, had to break apart its collection efforts and process the information into smaller data sets. Due to these issues, portions of the raw data had to be transferred to Panera's counsel for processing and searching. To date, Panera has run over 200 searches to collect and process the data required to respond to Plaintiffs' ESI protocol.

Panera's cooperative efforts have so far required it to collect and process over 20 GB of data; employ Plaintiffs' proposed search protocol on this data; and review 6,456 documents retrieved by that search protocol, requiring approximately 60 hours of attorney review time. Panera has done this despite the lateness of Plaintiffs' request and the fact that they have already obtained extensive discovery on the issues relevant in this case. Although Panera is still in the process of completing this work, and, due to previously described impediments, it has taken longer than Plaintiffs' counsel would like, Panera has never told Plaintiffs it would not work with them and produce the requested e-mails. Instead, Plaintiffs' counsel have been advised that Panera is working on the requested production. *See, e.g.,* Docs. 102-4, 102-8, 102-10. Moreover, Plaintiffs' counsel has never attempted to meaningfully meet and confer with Panera's counsel by phone, or in person, to discuss progress regarding the e-mail production or to express purported concern about the timing of Panera's e-mail production. Instead, they have needlessly burdened the Court with a motion to compel that should be denied.

### III.     Conclusion

Panera has agreed to cooperatively work with Plaintiffs in collecting, searching, reviewing and producing non-privileged, responsive e-mails and other ESI, despite Plaintiffs having raised the issue at a very late stage in discovery. Further, Panera has never indicated to Plaintiffs that it would not produce the information at issue. While Plaintiffs may be unhappy with the time involved in responding to its request, their Motion to Compel is both procedurally improper and a waste of the parties' and the Court's resources. As such, Panera respectfully requests that the Court deny the Motion to Compel.

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

/s/ *Justin M. Dean*
Patrick F. Hulla, MO 41745
Justin M. Dean, MO 48647
Jennifer K. Oldvader  MO 60649
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
patrick.hulla@ogletreedeakins.com
justin.dean@ogletreedeakins.com
jennifer.oldvader@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANTS PANERA BREAD COMPANY AND PANERA, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2015, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such to the following:

Dennis E. Egan
Bert S. Braud
712 Broadway, Suite 100
Kansas City, MO 64105
degan@pophamlaw.com
bbraud@pophamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

                                 /s/ *Justin M. Dean*
                                 **ATTORNEY FOR DEFENDANTS**

22666708.1