UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK BOSWELL, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:14-CV-01833-AGF |
| PANERA BREAD COMPANY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion (Doc. No. 121) to stay proceedings in this matter pending resolution of Defendants' petition in the Eighth Circuit requesting leave to appeal the Court's Order granting class certification under Federal Rule of Civil Procedure 23(b)(3).

Rule 23(f) provides:

A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f).

A party seeking a stay while a petition for permission to appeal is pending bears the burden of showing that: (1) the party is likely to succeed on the merits of its appeal; (2) the party will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will

1

not be harmed by granting the stay. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011).

After examining these factors, the Court finds that a stay is not warranted in this case. The Court conducted a rigorous analysis before granting class certification, and while it is always possible that the Eighth Circuit will disagree with the Court's conclusions, Defendants have not demonstrated that success on the merits of their appeal is likely. Neither have Defendants demonstrated that the other factors weigh in favor a stay. Discovery is complete, and trial is set for April, 2016. A stay would require trial to be delayed, which would substantially prejudice Plaintiffs and the public interest in the speedy resolution of cases. While the Court takes seriously Defendants' concerns regarding the cost of having to re-notify the class if the certification decision is reversed or modified after class notice is distributed, the Court believes that this harm is unlikely to occur. The form of class notice has not been finalized in this case, and there is no indication that notice will be finalized and distributed before the Eighth Circuit resolves Defendants' petition for leave to appeal. In any event, if the Eighth Circuit is inclined to grant Defendants' petition, it may stay this case of its own accord.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to stay is **DENIED**. (Doc. No. 121.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2015.

2