UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK BOSWELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-01833-AGF |
| | ) | |
| PANERA BREAD COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This class action is before the Court on Plaintiffs' and Defendants' motions for bills of costs. Following cross motions for summary judgment, and a bench trial on one claim on behalf of two of the named Plaintiffs (Count IV), the Court entered judgment in favor of Plaintiffs and against Defendant Panera, LLC, on Count I (classwide breach of contract), in the amount of $4,774,022; in favor of Defendant Panera, LLC, on Counts II (classwide fraud), III (individual fraud), and IV (individual unjust enrichment); and in favor of Defendant Panera Bread Company on all Counts. Both sides now assert that they are the prevailing party, and both object to an award of costs to the opposing party. The parties also assert specific objections to certain categories of costs sought by the opposing party. For the reasons set forth below, the Court concludes that Plaintiffs are the prevailing parties and entitled to $5,578.64 of the $7,372.39 they request in costs.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—

1

should be allowed to the prevailing party." Under Rule 54(d)(1), a "prevailing party is presumptively entitled to recover all of its costs." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (internal quotation omitted). "[S]uch costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)). The party objecting to an award of costs "bears the burden of overcoming the presumption that [the prevailing party] is entitled to recover all costs allowed by § 1920." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

**Prevailing Party**

"What counts as prevailing for purposes of an award of costs is a question of law." *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005). "Where each of the parties has prevailed on one or more of its claims, defense[s], or counterclaims, the district court has broad discretion in taxing costs." *Johnson v. Nordstrom–Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980).

Usually, a prevailing party is one "in whose favor a judgment is rendered." *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (citation omitted). But "[a] party who is only partially successful also can be deemed a prevailing party. Consequently, a claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims." 10 Charles Alan Wright et al., Federal Practice and Procedure § 2667 (3d ed.); *see also Hillside Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th

Cir. 1995) (holding that although both parties prevailed on some claims, "[t]he district court properly exercised its broad discretion in awarding costs only to [the plaintiff] . . . [b]ecause [the plaintiff] won a larger judgment [and could] logically be considered the prevailing party under the rule"); *Tanner v. City of Sullivan*, No. 4:11-CV-1361 NAB, 2013 WL 3287168, at *2 (E.D. Mo. June 28, 2013) (holding that the plaintiffs were the prevailing party because "[w]hile both sides won a claim, Plaintiffs changed their relationships with Defendants by being awarded $2.85 million dollars"); *Litecubes, LLC v. N. Lights Prod., Inc.*, No. 4:04–CV485 ERW, 2006 WL 5700252 at *12 (E.D. Mo. Aug. 25, 2006) ("While both parties each 'won' two claims, Plaintiffs changed their relationship with Defendant by being awarded $150,000.").

Here, the Court finds that, although they did not succeed on all of their claims, Plaintiffs' substantial success on their breach of contract claim makes them the prevailing parties in this case against Defendant Panera, LLC.[1]  Therefore, the Court will deny Defendants' bill of costs.

---

[1] Although Plaintiffs succeeded on their contract claim against Panera, LLC, only, and not against its member corporation, Panera Bread Company, this fact does not render Panera Bread Company the prevailing party for purposes of Rule 54(d). *See Tanner*, 2013 WL 3287168, at *2 (granting the plaintiffs' bill of costs, taxing costs against the defendants who lost, and denying the defendants' bill of costs, where the plaintiffs prevailed on some claims against some of the defendants, in the amount of $2.85 million, even though one defendant received a directed verdict on all claims); *Shum v. Intel Corp.*, 629 F.3d 1360, 1367, 1367 n.8 (Fed. Cir. 2010) (holding that "in mixed judgment cases, . . . [a] court must choose one, and only one, 'prevailing party' to receive any costs award" under Rule 54(d), though the court retains broad discretion as to how much to award, if any).  Further, the Court notes that Panera, LLC and Panera Bread Company effectively litigated this case as a single party, filing all motions and memoranda jointly.

**<u>Objections to Particular Costs</u>**

As to Plaintiffs' bill of costs, Defendants raise two specific objections. First, Defendants argue that Plaintiffs' requests for costs for the three depositions it took of Defendants' corporate representative, pursuant to Federal Rule of Civil Procedure 30(b)(6), should be denied. Defendants argue that Plaintiffs did not need to take all three depositions and should be awarded costs only for the first deposition. Second, Defendants argue that Plaintiffs should not be permitted to recover costs for both printed and electronically recorded transcripts of the same deposition.

The prevailing party may recover costs incurred for depositions if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In general, this means that "costs associated with depositions are taxable if the depositions were obtained for trial preparation and not merely for investigative purposes." *Morgan v. Orthopaedic Assocs. of Se. Mo. P.C.*, No. 1:12-CV-136 CEJ, 2014 WL 3687120, at *1 (E.D. Mo. July 24, 2014). Here, the Court concludes that the three Rule 30(b)(6) depositions taken by Plaintiffs were obtained for trial preparation and not merely for investigative purposes.[2] Plaintiffs cited all three depositions in their motion for summary judgment, and the Court specifically permitted the third deposition following a discovery dispute by the parties. (Doc. No. 95.) Therefore, the Court will overrule Defendants' objection on this ground.

However, the Court agrees with Defendants that, in this case, Plaintiffs should not

---

[2] The Court notes that these three depositions, as well as the other depositions for which Plaintiffs seek their costs, were used in connection with Plaintiffs' motion for class certification and the parties' cross motions for summary judgment on the breach of contract claim (Count I) on which Plaintiffs prevailed.

be permitted to recover costs for both printed and electronically recorded depositions. The Eighth Circuit permits recovery of costs for both printed transcripts and video recordings of the same deposition only if both were "necessarily obtained for use in the case." *Stanley*, 784 F.3d at 465 (citation omitted). Both types may be necessary, for example, "in a large and complex patent case" where the parties wish to use electronic recordings in trial "while also retaining written transcripts for purposes of filing copies with the court," or in cases where attorneys are "called upon to edit objectionable portions of electronically recorded testimony, or to supply an opposing party with a transcript to obtain a video or audio recorded deposition." *Id.* at 466-67 (citations omitted).

The Court is not convinced that this is such a case. The Court also notes that Plaintiffs objected to Defendants' request for costs for both types of transcripts. Therefore, the Court will sustain Defendants' objection on this ground. Plaintiffs state that should the Court "find the costs of video and stenographic recordings are not both available in this case, Plaintiffs respectfully ask for deposition costs in the amount of $4,878.64, representing the amount paid for the stenographic transcripts and copies of deposition exhibits, and the court reporters' appearance fees." (Doc. No. 268-1.) Defendants have not objected to this calculation, and upon examination of the invoices submitted by Plaintiffs, the Court finds that these costs are recoverable.

Defendants have not specifically objected to any other category of costs, and upon review of Plaintiffs' bill of costs, the Court finds that Plaintiffs are entitled to all costs sought except the costs for the video recordings noted above.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants motion for bill of costs is **DENIED**. (Doc. No. 269.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion for bill of costs is **GRANTED in part** and **DENIED in part**, in accordance with the findings set forth above. (Doc. No. 268.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs against Defendant Panera, LLC:

| | |
|---|---|
| Fees of the Clerk: | $ 700.00 |
| Fees for transcripts: | $ 4,878.64 |
| **TOTAL:** | **$ 5,578.64** |

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2016.